# Lyon, Appellant, v. Reichard.

*Judgment—Judgment note—Security—Issue.*

On the trial of an issue to determine the validity of a judgment entered upon a judgment note, where both parties assert that the note was given as collateral security, the plaintiff asserting that it was to secure advances made during the performance of a contract, the defendant asserting that it was special and given as collateral for a particular advancement which was made at the time of the execution of the note, the controversy is not whether the note was an absolute and original promise to pay, but only as to the indebtedness for which it was held as collateral. In such a case the plaintiff after a verdict and judgment against him cannot be heard to urge that he stood upon the note as an absolute promise, and that the defendant met this obligation only by his own testimony, thus failing to furnish evidence sufficient in kind or character to overthrow the obligation.

Argued Feb. 11, 1902. Appeal, No. 18, Feb. T., 1902, by plaintiff, from judgment of C. P. Sullivan Co., Sept. T., 1900, No. 23, on verdict for defendant in case of Howard Lyon, trading as the Lyon Lumber Company, v. L. T. Reichard. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Issue to determine the validity of a judgment entered upon a judgment note. Before DUNHAM, P. J.

From the record it appeared that the defendant gave to plaintiff a judgment note for $200, and that on July 12, 1900, plaintiff entered judgment on the note. The plaintiff contended that the note was given to secure advances made during the performance of a contract for the hauling of lumber. The defendant contended that the note was special and given as collateral for a particular advancement of $200, which was made at the time of the execution of the note, and that this sum had been repaid.

The court charged in part as follows:

[So I say to you, gentlemen, if this plaintiff, when this $200 note was taken, took it upon the positive agreement and understanding that it was to be collateral for the $200 bank note which the plaintiff advanced to the defendant, and that plain-

tiff was to receive and retain out of the money which Mr. Reichard, the defendant, earned during the next four months, at the rate of $50.00 a month, then he would have no right to charge to Mr. Reichard's account other advancements and still keep this note and apply those other advancements upon his other accounts and retain this note without applying the money to its payment that he had agreed to apply under his contract with Reichard.] [3]

[Now, then, all that brings you back to the consideration of what was the contract between these parties at the time this note was given. Was it as testified to by the plaintiff, or was it as testified to by the defendant? In ascertaining that question you will consider the recollection each has in reference to it. You will consider their standing. You will consider the reputation, if you know it, of these gentlemen, their manner of testifying, the knowledge they have as to what they testify to, their truthfulness as you believe it to be, and then bring in your verdict as you find from the weight of the evidence that the truth is.] [4]

Then the defendant, alleging payment, which is also an affirmative proposition, it is incumbent upon him to establish the payments to your satisfaction by the weight of the evidence. Does the evidence in this case satisfy you of that fact? Does the fact that they went on doing business for four months longer, the fact that this plaintiff made other advancements to the defendant as testified to by him, the fact of the testimony of Mr. Peterman, and all the other facts testified to in the case, satisfy you that that $200 note was taken, under the contract that they entered into there between them at the time it was given, as collateral for the advancement of $200, as claimed and as testified to by the defendant? If you are satisfied that the evidence establishes that fact, does it also satisfy you that since that time, under the contract that was entered into there, that this note is paid?] [5]

Verdict and judgment for defendant. Plaintiff appealed.

*Errors assigned* were (3–5) above instructions, quoting them ; in submitting to the jury the question of the consideration for the note in suit as to such matters as were affirmed by the defendant and denied by the plaintiff, the defendant being uncorroborated by any other evidence in the case.

*E. J. Mullen*, for appellant.—There was no allegation of fraud in the procurement of this note it is true, but the effect of defendant's position is an attempt to show that the written instrument does not set forth fully the terms of the contract upon which it was signed by him.   The court below instructed the jury that while the burden of showing this restricted use of the note was upon the defendant, yet under the evidence they could find that such was the agreement.   This, we think, was error under the evidence in this case: Phillips v. Meily, 106 Pa. 536 ; English's App., 119 Pa. 533 ; Thomas & Son v. Loose, Seaman & Co., 114 Pa. 35 ; Juniata Building & Loan Assn. v. Hetzel, 103 Pa. 508.

*A. J. Bradley*, for appellee.

OPINION BY WILLIAM W. PORTER, J., March 14, 1902:

Both the plaintiff and the defendant assert that the judgment note, upon which the action is founded, was given as collateral security.   The parties differ only in respect to what the note was given to secure.   The plaintiff says that it was to secure advances made during the performance of a contract for the hauling of certain lumber.   The defendant says that it was special and given as collateral for a particular advancement of $200, which was made at the time of the execution of the judgment note.   Here is a question of fact which was decided by the jury in favor of the defendant.   The appellant urges that the plaintiff stood upon the note which was an absolute promise and that the defendant met this obligation only by his own testimony, thus failing to furnish evidence sufficient in kind or character to overthrow the obligation.   This overlooks the real issue in the case.   The controversy was not whether the note was an absolute and original promise to pay, but only as to the indebtedness for which it was held as collateral.

The judgment is affirmed.